# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAVID JOHNSON,

    Plaintiff,

    v().

Chicago Police Officer BRIAN DEVAN,
Star No. 3871, et al.,

    Defendants.

No. 04 C 1093
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff David Johnson has filed a two-count complaint against Chicago Police Officers Brian Devan, Chris Hackett and James Davis, and the City of Chicago. Plaintiff alleges that his arrest and prosecution for burglary constituted unlawful seizure and malicious prosecution, and seeks damages pursuant to 42 U.S.C. § 1983 and Illinois state law. In a complaint first filed on February 11, 2004, and amended on November 19, 2004, Plaintiff alleges that on November 30, 2001, Defendants Devan, Hackett and Davis arrested him without probable cause, falsely claiming to have witnessed him burglarizing a van. Plaintiff further alleges that after arresting him, one or more of the officers prepared a criminal complaint against him, falsely told the owner of the vehicle that the Plaintiff had burglarized it, and asked the owner to sign the complaint knowing that its allegations were false. In the court proceedings that followed his arrest, Plaintiff contends that the "only evidence presented that plaintiff was the person who burglarized the van was the knowingly false testimony of defendants who claimed they caught plaintiff in the act." At the conclusion of the criminal trial, Plaintiff was found not guilty of all charges relating to his arrest. Plaintiff was incarcerated from the date of his arrest until his acquittal on June 4, 2003.

Defendants have moved to dismiss Plaintiff's first amended complaint pursuant to *Fed. R. Civ. P. 12(b)(6)*, claiming that the Complaint was filed outside of the statute of limitations for the alleged injuries. Defendants further argue that even if I find the Complaint was timely filed as to the original Defendants, the claims against Defendant Davis, who was first named in the Amended Complaint, are untimely and must be dismissed. Finally, Defendants argue that the existence of probable cause for Plaintiff's arrest is grounds for dismissing the entire complaint.[1]

A Rule 12(b)(6) motion tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant Defendants' Motion to Dismiss only if Plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the Complaint as true, drawing all reasonable inferences from those facts in the Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). Stated another way, I should not grant Defendants' motion "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

***Defendants' First Claim: Plaintiff's § 1983 Claim of Unlawful Seizure is Untimely***

Defendants first challenge Plaintiff's Complaint on the ground that it is prohibited by the applicable statute of limitations. That type of challenge is generally frowned upon at this early stage of the litigation. *See United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th

---

[1] Defendant City of Chicago filed a motion to join Defendant Officers' Motion to Dismiss. That motion is granted.

Cir. 2003) (finding that a statute of limitations challenge is not a "good ground on which to dismiss" a complaint, and is "not permissible even in principle, because the statute of limitations . . . [is an] affirmative defense[ ]"). However, a litigant "may plead [himself] out of court by alleging (and thus admitting) the ingredients of a defense." *Id*. (citation omitted). Here, Plaintiff's Complaint included both the date of his arrest and the date on which he was found not guilty in criminal court. Defendants are therefore not prohibited from challenging Plaintiff's Complaint as falling outside the statute of limitations.

The statute of limitations for complaints filed under § 1983 is determined by the personal injury statute of limitations of the state in which the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). In Illinois, the statute of limitations for personal injury lawsuits is two years. 735 ILCS 5/13-202 (2004). Defendants claim that Plaintiff's unlawful seizure claim arose on November 30, 2001, the date of his arrest. If true, a complaint filed on February 11, 2004 would be untimely.

Plaintiff claims that the Seventh Circuit's decision in *Wiley v. City of Chicago*, 361 F.3d 994 (7th Cir. 2004), creates an exception to the general rule establishing the statute of limitations for § 1983 actions. In that case, Wiley filed a § 1983 suit alleging wrongful prosecution by a Chicago police officer. Wiley alleged that the officer fabricated evidence in order to arrest him and then misrepresented his guilt to prosecutors. *Id*. at 995. The district court dismissed Wiley's wrongful prosecution and false arrest claims as untimely, finding that the cause of action for the latter claim arose at the time of his arrest. The Seventh Circuit disagreed, holding that if Wiley's "attack on his arrest would challenge the only evidence supporting a potential conviction, then his claim did not begin to accrue until the charges were dismissed." *Id*. at 998.

Generally, the Seventh Circuit has held that "civil rights claims of false or wrongful arrest arising out of the Fourth Amendment begin to accrue at the time of arrest regardless of subsequent proceedings." *Id*. at 996-97 (noting that "[t]he rationale behind this approach is that a wrongful arrest claim does not necessarily undermine a conviction") (citing *Booker v. Ward*, 94 F.3d 1052 (7th Cir. 1996)). Therefore, claims of wrongful arrest can be filed immediately after the arrest even though the plaintiff is later prosecuted and even convicted. *Id*. at 997. However, in *Wiley* the Court modified the general rule, noting that in some situations claims of wrongful arrest cannot be filed so quickly.

> [B]ecause 'sometimes a successful challenge to a false arrest can indeed impugn the validity of the plaintiff's conviction,' *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] may in fact occasionally bar a civil rights claim premised on a false or wrongful arrest [quoting *Gauger v. Hendle*, 349 F.3d 354, 361 (7th Cir. 2003)]. As a result, plaintiffs complaining of false arrest will sometimes have to wait until their criminal charge or conviction is set aside or dismissed before they can bring suit.

*Id*. Plaintiff argues that his Complaint falls squarely into the *Wiley* exception, as he was found not guilty of burglary at the criminal trial and the grounds on which he now challenges his arrest and prosecution constitute the only evidence presented against him at trial.

Defendant argues that the *Wiley* exception does not apply to this case because the evidence used in Plaintiff's prosecution was broader than the allegedly invalid evidence on which Plaintiff's arrest was based. If filed immediately after his arrest, the civil suit could have proceeded because it would not have challenged the only evidence on which Plaintiff might have been convicted.[2] To support this argument, Defendant directs my attention to a document not

---

[2]Defendants' Motion to Dismiss and its Reply Memorandum assert, without explanation, that the *Wiley* exception does not apply to Plaintiff's Complaint. However, Defendants' earlier Motion to Dismiss, which they attached to their present motion, offers this substantive argument.

4

attached to Plaintiff's Complaint: the criminal complaint signed by the owner of the van Plaintiff allegedly burglarized. Plaintiff asks that I ignore this document on a Rule 12(b)(6) motion to dismiss. In response, Defendants argue that I may consider the document because Plaintiff relied on it in his Complaint; alternatively, Defendants request that I convert their motion to dismiss into a motion for summary judgment.

While I am generally permitted to consider only the factual allegations of the complaint in a motion to dismiss, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). In his Complaint, Plaintiff makes a single reference to the criminal complaint signed by the owner of the van. *Pl. Comp.* at ¶ 13 ("After [Defendants] arrested plaintiff one of them prepared a criminal complaint against plaintiff . . . [a]fter falsely telling him plaintiff was the person that burglarized his motor vehicle one or more of the defendants asked the owner of the motor vehicle, Raul Navarro, to sign the complaint against plaintiff").[3] On the face of the Complaint, the allegation that Defendants constructed a false criminal complaint appears to be something less than "central" to Plaintiff's claim. *See Venture Assoc. Corp.*, 987 F.2d at 431. However, the allegedly false criminal complaint is one of Plaintiff's three core complaints about Defendants' conduct (their false allegations of witnessing Plaintiff burglarizing the vehicle, their conduct in drafting the complaint and asking Navarro to sign it, and their testimony about Plaintiff's arrest in his criminal case). I agree that Defendants' request to consider Navarro's complaint in

---

[3]Plaintiff also makes an oblique reference to the criminal complaint in ¶ 31 of his Complaint, in which he alleges "Defendants . . . facilitated this malicious prosecution by the creation of false evidence."

5

evaluating the Motion to Dismiss is not unlike asking a court to consider documents that purportedly manifest mutual consent in a breach of contract case. *Id*. (finding that the district court properly considered the buyer's purported letter of intent, which was offered by the defendant as part of its motion to dismiss).

I am therefore inclined to consider the criminal complaint submitted by Defendants in evaluating whether Plaintiff's Complaint was filed within the statute of limitations for claims of unlawful seizure. However, even considering this document, I believe that Plaintiff's claim falls within the *Wiley* exception. Plaintiff alleges that the false criminal complaint followed – not preceded – his arrest, and is a product of the allegedly false testimony of Defendants. Moreover, Plaintiff has duly alleged that the Defendants' allegedly unconstitutional conduct was the sole evidence at trial suggesting that Plaintiff committed the burglary. In light of Plaintiff's claims, the Navarro criminal complaint does not necessarily provide alternative grounds on which Plaintiff's prosecution might have succeeded.[4] While Plaintiff's allegations may be disproved eventually, at this stage of the litigation his pleading is sufficient to avoid dismissal on grounds that his February, 2004 Complaint was untimely. According to the allegations set forth in the

---

[4]In his Complaint, Plaintiff alleges that "Navarro testified as to his ownership of the motor vehicle and the damage that was done, but did not claim to have witnessed plaintiff engaging in the burglary to his vehicle, or otherwise implicate plaintiff in the burglary." *Pl. Compl.* ¶ 19. This leaves Defendants' alleged unconstitutional conduct as the sole basis for Plaintiff's arrest and prosecution. *Cf. Wiley*, 361 F.3d at 997.

> If, as alleged, Wiley was arrested and prosecuted solely on the basis of drugs planted by the arresting officers, then any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs . . . [and] any civil suit against [the defendant officer] for a false arrest would necessarily imply the invalidity of a potential conviction, and *Heck* requires that Wiley's Fourth Amendment claim would not begin to accrue until the charges were dismissed.

Complaint, Plaintiff's claim did not begin to accrue until he was acquitted; therefore, his claim was timely filed.[5]

***Defendant's Second Claim: Plaintiff's Claims against Defendant Davis are Untimely***

Plaintiff's First Amended Complaint adds Officer James Davis as an additional Defendant. As just noted, Plaintiff had two years from the time of his acquittal to file his § 1983 claim of unlawful seizure (Count I); therefore, the date of the Amended Complaint adding Defendant Davis does not fall outside the statute of limitations for Count I. However, Count II of Plaintiff's Amended Complaint is a state law claim alleging malicious prosecution. The Illinois Tort Immunity Act provides that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101 (2004). Plaintiff's Amended Complaint naming Officer Davis as a Defendant was filed on November 19, 2004, more than one year after the cause of action for his malicious prosecution claim arose.

To avoid dismissal of Count II with respect to Defendant Davis, Plaintiff claims that the Amended Complaint relates back to the initial Complaint (filed on February 11, 2004 and within the statute of limitations) as allowed by *Fed. R. Civ. P. 15*. However, Plaintiff has failed to offer a single argument that Officer Davis received notice of the initial Complaint such that he would not be prejudiced by his late addition as a Defendant. *See Fed. R. Civ. P. 15(c)(3)*; *see also Schiavone v. Fortune*, 477 U.S. 21 (1986) (new party must receive notice within the statute of

---

[5]Defendants do not appear to challenge Plaintiff's malicious prosecution claim on timeliness grounds, except with respect to Defendant Davis, discussed *infra*.

limitations). Nor has Plaintiff argued that Officer Davis was not included in the initial complaint because of Plaintiff's mistake. *See Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993).

> [A]mendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run. [Rule 15(c)(3)] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party. Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of [Rule 15(c)(3)] whether or not the purported substitute party knew or should have known that the action would have been brought against him.

*Id*. (citations omitted). Plaintiff also failed to offer any argument that the running of the statute of limitations should be tolled. *See, e.g., Jackson v. City of Chicago*, 2001 U.S. Dist. LEXIS 13005 at *6 (N.D. Ill. Aug. 14, 2001) (statute of limitations tolled on equitable grounds given plaintiff's inability to determine alleged wrongdoer's name despite reasonable diligence). Plaintiff merely argues that because all of the claims asserted in the First Amended Complaint arise from the same conduct, transaction and occurrence that was the subject of Plaintiff's original complaint, the amendment to include Officer Davis should be granted. That argument is insufficient. *Fed. R. Civ. P. 15(c)(3)*. For these reasons, Officer Davis is dismissed as a Defendant for Count II of Plaintiff's Complaint.

***Defendant's Final Claim: Both Counts Must Fail Due to Probable Cause for Plaintiff's Arrest***

Defendants contend that both of Plaintiff's claims must be dismissed because the Officers had probable cause to arrest him. The existence of probable cause to arrest presents an absolute

bar to a § 1983 claim based on the Fourth Amendment. *Jones by Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995). Probable cause also bars claims of malicious prosecution under Illinois law. *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (1996). Probable cause exists when the facts and circumstances within the police officers' knowledge were "sufficient to warrant a prudent [person] in believing that" an offense has been committed. *Beck v. Ohio*, 379 US 89 (1964) (citation omitted); *cf. Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1219 (Ill. App. Ct. 2003) ("[p]robable cause has been defined in a malicious prosecution case involving criminal proceedings as a state of facts that would lead a person of ordinary caution and prudence to believe . . . that the person arrested committed the offense charged") (citation omitted). Where warrantless arrests are involved, probable cause is "viewed from the vantage point of a prudent, reasonable cautious police officer on the scene at the time of the arrest guided by his experience and training." *Williams v. Kobel*, 789 F.2d 463, 471 (7th Cir. 1986) (citation omitted). *Cf. People v. Tisler*, 469 N.E.2d 147, 153 (1984) (holding that a warrantless arrest meets the probable cause requirement where a "reasonable and prudent man, having the knowledge possessed by the officer at the time of the arrest, would believe the defendant committed the offense") (quoting *People v. Wright*, 41 Ill.2d 170, 174 (1968)).

In this case, Defendants claim that Raul Navarro's criminal complaint provided probable cause for Plaintiff's arrest and prosecution. As noted above, I must accept the allegations in Plaintiff's Complaint as true and draw all reasonable inferences in his favor. Plaintiff alleges that Navarro's criminal complaint, which Defendants claim give rise to probable cause, was prepared only *after* Plaintiff's arrest by the Defendant Officers. *Pl. Comp.* ¶ 13. If true, the criminal complaint would not constitute grounds for probable cause. Consistent with the allegations in his

9

Complaint, Plaintiff could prove that Defendants knew the owner of the van did not know who burglarized his van and falsely told the owner they witnessed the burglary in order to convince him to sign the criminal complaint. This possibility prevents me from granting Defendant's Motion to Dismiss.[6]

Defendants contend that transcripts of grand jury testimony and the criminal court's denial of Plaintiff's Motion to Quash arrest establish, as a matter of law, that probable cause existed for Plaintiff's arrest. Unlike Navarro's criminal complaint, which was referenced and relied on by Plaintiff in his Complaint, these two documents play no such role.[7] Defendants suggest, however, that I consider the transcripts based on the "public records" exception to the general rule limiting consideration to the complaint and the documents attached to it. *See GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-81 (7th Cir. 1997). This exception applies when "an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard." *Id*. at 1081. Defendants argue that the transcripts of a hearing in which Judge Salone determined that the arresting Officers had sufficient probable cause under the totality of the circumstances to arrest Plaintiff constitute an undisputed fact in the public record. I think Defendant's argument is misplaced. While Judge Salone's ruling may

---

[6]That said, Plaintiff will face a much higher burden on any forthcoming motion for summary judgment. At that time, Plaintiff must offer more than mere allegations that the Defendants lied about witnessing Plaintiff in the van and lied about the timing of Navarro's criminal complaint.

[7]In his Complaint, Plaintiff did identify criminal court proceedings as instances in which Defendants testified falsely; however, Plaintiff did not rely on transcripts of these proceedings in his Complaint. *See Pl. Comp*. at ¶¶ 15, 16, 18. Defendants note that it was Plaintiff, not they, who initially proffered these documents during briefing on a previous motion to dismiss. However, Plaintiff did so only in response to Defendant's motion, and I denied that motion as moot. Plaintiff did not re-submit those documents in defending against Defendant's current motion and I will not rely on them in considering the Motion to Dismiss.

10

constitute grounds for dismissal of Plaintiff's complaint under the theory of collateral estoppel, it is hardly an ideal ground for judicial notice of an adjudicative fact. *Cf. id*. at 1082, n.6 ("we agree that courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed").

Defendants appear to make a final argument to win dismissal of Plaintiff's claim on collateral estoppel grounds. "The doctrine of collateral estoppel bars the trial of an issue that has been fairly and completely resolved in a prior proceeding." *Talarico v. Dunlap*, 281 Ill. App. 3d 662, 665 (Ill. App. Ct. 1996), *aff'd Talarico v. Dunlap*, 685 N.E.2d 325 (1997). Defendants contend that Judge Salone's ruling finding probable cause estops Plaintiff from now claiming a lack of probable cause. This may be so; however, it is a matter for summary judgment, not a matter to consider on a motion to dismiss. Defendant requests that I convert this motion into one for summary judgment. I decline to do so, as there are grounds on which Plaintiff might challenge the application of collateral estoppel, and he is entitled to have an opportunity to do so. *See, e.g., Bailey v. Andrews*, 811 F.2d 366, 369 (7th Cir. 1987) ("[t]he probable cause determination was made at a criminal preliminary hearing designed to evaluate the sufficiency, but not the integrity, of the evidence against Bailey").[8] While Defendants may ultimately prevail in demonstrating probable cause at summary judgment, Plaintiff has sufficiently alleged an absence of probable cause at this stage of the litigation.[9] Because his Complaint duly alleges

---

[8] I note, however, that the Court in *Bailey* also ruled that the particular probable cause hearing in that case failed to afford the defendant an opportunity to cross-examine. *Id*. at 370. That factor may or may not be present in the instant case.

[9] Defendants also argue that the Officers are immune from suit based on their "trial-based testimony." *Def. Mem.* at 4. It is clearly established that a police officer has absolute immunity from § 1983 liability for perjured testimony at a defendant's criminal trial. *Briscoe v. LaHue*, 460 U.S. 325 (1983). Similarly, an officer's testimony before a grand jury is immune from

11

lack of probable cause for his arrest, and Defendants have raised no other grounds for challenging his malicious prosecution claim, Plaintiff is entitled to pursue his claim of unlawful seizure against all Defendants and his claim of malicious prosecution against all Defendants except Officer Davis.

For these reasons, Defendants' Motion to Dismiss is DENIED, with the limited exception of its Motion to Dismiss Count II against Defendant Davis.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 18, 2005

---

§ 1983 liability, as is testimony during pre-trial proceedings such as hearings on motions to quash. *Curtis v. Bembenek*, 48 F.3d 281, 284-85 (7th Cir. 1995). Therefore, to the extent that ¶¶ 16 and 18 of Plaintiff's Complaint allege false testimony before a grand jury and in pre-trial proceedings, they cannot support his claim of violations of his constitutional rights. However, Plaintiff's claims do not rely solely on allegations of false testimony at trial; therefore, immunity for false testimony is not a sufficient ground for granting Defendants' motion.